**Wilson M. YANCY, Plaintiff-Appellant,**

v.

**AMERICAN PETROFINA, INC., Defendant-Appellee.**

No. 84–2755
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 16, 1985.

Provost, Umphrey, McPherson & Swearingen, M. Diane Dwight, Port Arthur, Tex., for plaintiff-appellant.

Maxwell, Godwin & Carlton, Howard W. Walker, Donald E. Godwin, Dallas, Tex., for defendant-appellee.

Before CLARK, Chief Judge, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Plaintiff appeals the entry of summary judgment for defendant in his suit under the Employment Retirement Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA). 597 F.Supp. 490. We affirm.

I

Wilson Yancy was employed by American Petrofina, Inc. (FINA) for 24 years. Throughout this period he participated in

the Amdel Inc. Non-Contributory Retirement Plan. The plan offers a lump sum retirement option whereby FINA employees can choose to receive their entire benefit in one lump sum upon retirement.

On January 23, 1982 the plan administrators wrote to all plan participants, including Yancy, informing them that the interest rate factor used to compute lump sum payments would be modified as of April 1, 1982 to reflect the economic changes that had occurred since the rate had been set in 1977. The change would reduce the lump sum payment. In November 1981 Yancy had requested the Plan's administrators to calculate his benefits if he were to retire on February 28, 1982. After receiving notice of the interest rate change, he decided to retire early while he could still receive payment under the original interest rate. On January 27, 1982 he signed the appropriate forms to retire at the end of February and elected to receive a lump sum benefit. He wrote "under protest" on this form in three separate places. FINA determined that Yancy did so because he felt that he was being forced into retirement by the change in the lump sum benefit. On February 8, 1982 FINA wrote to Yancy explaining that they considered his decision to retire early to be voluntary, although they acknowledged that the change in benefits was a factor which he had to consider. The letter went on to explain that the interest rate was changed to reflect the reality that the recipients of lump sum payments were obtaining a much higher rate of return on their investment of that sum than had been contemplated when the original interest rate was set. In closing, the letter stated that since Yancy had signed the retirement form, FINA would assume that he still intended to retire on March 1, 1982 unless he notified the company otherwise. On March 1 Yancy retired and accepted a payment of $66,942 without further objection.

Yancy took no further action for over a year. On May 25, 1983 he filed a formal claim with the Plan's retirement committee alleging that the change in the interest rate factor violated the Plan and breached the fiduciary duty imposed by ERISA. He contended that this action had forced him to retire early. When the retirement committee denied his claim, Yancy filed the present action.

The district court awarded summary judgment to FINA on the grounds that Yancy lacked standing under ERISA and, in the alternative, that Yancy had not made out a claim cognizable under ERISA.

## II

■ A civil action under ERISA may be brought by a participant or beneficiary to recover benefits under the plan, to enforce his rights under the plan, or to clarify his future rights under the plan. 29 U.S.C. § 1132(a)(1)(B). A participant or beneficiary is defined as an employee or former employee who is or may be eligible to receive a benefit under the plan. 29 U.S.C. § 1002(7). "This excludes retirees who have accepted the payment of everything owed to them in a lump sum, because these erstwhile participants have already received the full extent of their benefits and are no longer eligible to receive future payments." *Joseph v. New Orleans Electrical Pension & Retirement Plan*, 754 F.2d 628, 630 (5th Cir.1985). Yancy contends that he does have standing to bring this suit because he was a participant when the interest change was announced in January 1982. However, questions of standing must be resolved on the facts existing when the challenge is raised. *Safir v. Dole*, 718 F.2d 475, 481 (D.C.Cir.1983), *cert. denied*, ── U.S. ──, 104 S.Ct. 2389, 81 L.Ed.2d 864 (1984).

■ Yancy accepted his lump sum when he retired prior to the effective date of the amendment. He admits that the lump sum was the full amount due to him under the terms of the plan as in effect when he retired. ERISA does not provide standing for him to come into court over a year later and complain that a change in the plan effective after his retirement forced him to retire early thereby depriving him of several years of income and so decreasing his final retirement benefit. Yancy lost his

right to challenge this change by accepting his payment without dispute. His initial notation that he was retiring under protest did not preserve his standing. He took no action for over a year after receiving FINA's letter stating that they considered his decision about retirement to be voluntary.

Moreover, as the district court noted, Yancy's claim is not for an ascertainable amount, but for a sum that possibly could have been earned if he had continued working. The term "participant" encompasses only those former employees who are owed vested benefits. *Nugent v. Jesuit High School of New Orleans*, 625 F.2d 1285, 1288 (5th Cir.1980). Yancy has already received all benefits vested in him prior to his retirement. The additional benefits that he claims might have accrued but for the change in the plan are speculative. They cannot be considered as vested under ERISA.

### III

Our conclusion that Yancy lacks standing obviates the need to consider whether his claim is cognizable under ERISA. The judgment of the district court is

AFFIRMED.