Richard OWENS, Plaintiff,

v.

STOREHOUSE, INC., Defendant.

Civ. A. No. 1:90–CV–2292–JOF.

United States District Court,
N.D. Georgia,
Atlanta Division.

June 28, 1991.

Milton Dale Rowan, AIDS Legal Project, Atlanta, Ga., for plaintiff.

Richard Lance Robbins, Sutherland, Asbill & Brennan, Atlanta, Ga., for defendant.

## ORDER

FORRESTER, District Judge.

This matter is before the court on plaintiff's motion to substitute plaintiff; plaintiff's motion for expedited trial and expedited pretrial procedures; plaintiff's motion to file brief in excess of this court's page limitation; and plaintiff's and defendant's cross motions for summary judgment. The court will address the motions *seriatim*.

### I. MOTION TO SUBSTITUTE

Aaron Durall Beavers, executor of the estate of Richard Owens, deceased, moves this court pursuant to Fed.R.Civ.P. 25(a) for an order substituting himself as plaintiff in the above-styled action. For good cause shown and because defendants do not oppose, executor Beavers' motion to substitute himself as plaintiff in the above-styled action is GRANTED. The Clerk of Court is DIRECTED to substitute Aaron Durall Beavers, executor of the estate of Richard Owens, as plaintiff in the caption for the above-styled action.

### II. PLAINTIFF'S MOTION FOR EXPEDITED TRIAL AND EXPEDITED PRETRIAL PROCEDURES.

■ Prior to his death, plaintiff Richard Owens requested that this court enter an order in this matter for an expedited trial setting and approving expedited pretrial procedures. Because Mr. Owens is now deceased, plaintiff's motion for expedited trial setting and for expedited pretrial procedures is moot and hereby DENIED as such.

## III. PLAINTIFF'S MOTION FOR LEAVE TO FILE OVER–LENGTH BRIEF

Plaintiff moves this court for leave to file his brief in support of motion for summary judgment which exceeds the court's twenty-five page limitation. For good cause shown and because defendant does not oppose, plaintiff's motion for leave to file brief in excess of the court's page limitation is GRANTED.

## IV. SUMMARY JUDGMENT MOTIONS

### A. *Statement of Facts*

From January of 1988 until his death on February 12, 1991, plaintiff Richard Owens (hereinafter "plaintiff") participated in an employee welfare benefit plan sponsored by defendant Storehouse, Inc. (hereinafter "defendant") on behalf of its approximately 160 full-time employees with over six months' experience. The subject plan provides group medical and hospitalization benefits.

Plaintiff was diagnosed with AIDS in November of 1988 and received approximately $116,000 in AIDS-related benefits under the subject plan until October 11, 1990, the date on which defendant notified plaintiff that it could no longer afford to provide him benefits in excess of the $25,000 cap applicable to AIDS-related claims under its recently modified employee welfare benefit plan. It is undisputed that prior to said modification, plaintiff was entitled to a lifetime maximum medical benefit of $1 million. According to defendant, the $25,000 cap was placed on AIDS-related claims only after it learned that its insurer would not provide any insurance or reinsurance for plaintiff Owens or four other individual employees diagnosed with AIDS or AIDS-related illnesses.

Having experienced a number of recent financial setbacks, defendant asserts that it could not afford to self-insure five AIDS-inflicted employees up to the $1 million lifetime maximum. The projected medical expenses of plaintiff alone were apparently enough to threaten an already cash poor business with financial ruin. Thus, faced with the option of capping AIDS-related claims or discontinuing the subject plan for all of its 100–plus employees, defendant opted to exercise its right to modify its existing plan to include a $25,000 AIDS cap.

Although the AIDS limitation was made effective March 1, 1990, defendant continued to honor approximately $90,000 worth of plaintiff's claims in excess of the $25,000 cap because the claims experienced as a whole for the first half of the 1990 plan year were running less than budget. By October, however, this benevolence had to end as the financial condition of both the plan and the company deteriorated. After apprising plaintiff by letter of its intention to adhere strictly to the modified terms of its employee benefit plan, defendant forwarded plaintiff an additional $7500 as a "transitional" benefit.

### B. *Conclusions of Law*

Count one of plaintiff's complaint alleges that defendant's action in capping his AIDS benefits via a post-claim modification discriminated against him in violation of § 510 of ERISA.

■ By its express terms, § 510 of ERISA prevents employers from discharging or otherwise harassing their employees in order to keep them from obtaining benefits to which they are entitled under their pension plan. *See Gavalik v. Continental Can Co.*, 812 F.2d 834, 851 (3d Cir.), *cert. denied*, 484 U.S. 979, 108 S.Ct. 495, 98 L.Ed.2d 492 (1987).[1] The statutory language, legislative history and case law all make clear that § 510 was designed to protect the "employment relationship," not the integrity of specific plans. *See*

---

1. Section 510 states:
    It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan.
    29 U.S.C. § 1140.

*Deeming v. American Standard, Inc.*, 905 F.2d 1124, 1127 (7th Cir.1990). Thus, "a fundamental prerequisite to a § 510 action is an allegation that the employer/employee relationship, and not merely the plan, was changed in some discriminatory or wrongful way." *Id.*

■ Given this well settled interpretation of § 510, this court must conclude that defendant's unilateral modification of an existing plan cannot support a § 510 claim. In a factually analogous case the Seventh Circuit rejected the plaintiff's contention that modifying a plan to prevent the attainment of a pension benefit amounts to discrimination within the meaning of § 510. *See Deeming*, 905 F.2d at 1128. Notwithstanding the fact that said modification totally eliminated the plaintiff's right to special retirement benefits, the *Deeming* court opined that "section 510 of ERISA simply is not the appropriate vehicle for redressing the unilateral elimination of severance benefits accomplished independently of employee termination or harassment." *Id.* Since the allegations of count one fail to raise the issue of discrimination against the "employment relationship" that section 510 was designed to protect, plaintiff has failed as a matter of law to state a claim under § 510. Accordingly, defendant's motion for summary judgment on count one is GRANTED. Plaintiff's motion for summary judgment on the same is hereby DENIED.

■ Plaintiff alleges in count two that defendant's unilateral post-claim modification of his medical benefits constitutes a breach of the fiduciary duty owed him under the subject ERISA plan. The defendant counters that "plaintiff's claim for breach of fiduciary duty must fail because ERISA allows an employee to consider business needs in modifying a plan." Brief, at 16. This court agrees.

■ Although an employer may be required to act in a fiduciary capacity in *administering* a benefit plan, it is settled law that there is no fiduciary duty in modifying, altering or eliminating a benefit plan involving non-vested contingent benefits. *See Young v. Standard Oil (Indiana)*, 849

F.2d 1039, 1044 (7th Cir.1988). Succinctly stated, "ERISA simply does not prohibit a company from eliminating previously offered benefits that are neither vested nor accrued." *Phillips v. Amoco Oil Co.*, 799 F.2d 1464, 1471 (11th Cir.1986). Contrary to plaintiff's contentions, "ERISA does not impose a fiduciary duty on the employer to act exclusively in the interest of the employees." *Young*, 849 F.2d at 1044. As the Court of Appeals for the Eleventh Circuit pointed out in *Phillips*, Congress has not prohibited an employer who is also a fiduciary "from acting in accordance with its interests as employer when not administering the plan or investing its assets." *Phillips*, 799 F.2d at 1471. Since the health insurance benefits at issue here are contingent in nature and employers are free unilaterally to alter or eliminate non-vested future benefits without consideration of the employees' interests, plaintiff's breach of fiduciary claim must fail as a matter of law. Accordingly, defendant's motion for summary judgment on count two is GRANTED. Plaintiff's motion for summary judgment on the same is hereby DENIED.

■ Counts three and four of plaintiff's complaint raise state law claims which defendant contends are preempted by ERISA. Plaintiff's count three alleges that defendant's AIDS cap is an unfair employment practice within the meaning of O.C.G.A. § 43–6A–1, *et seq.* Count four sets forth a cause of action for intentional infliction of emotional distress. For the foregoing reasons, this court concludes that both of plaintiff's state law claims are preempted by ERISA.

Section 514(a) of ERISA provides that ERISA "supersedes any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The Supreme Court has broadly construed this provision to encompass any state law that has a "connection with or reference to" such a plan. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–900, 77 L.Ed.2d 490 (1983). "Thus, ERISA preempts all state laws insofar as they apply to employee

**420**

benefit plans even if those laws do not expressly concern employee benefit plans and amount only to indirect regulation of such plans." *Howard v. Parisian, Inc.,* 807 F.2d 1560, 1563 (11th Cir.1987) (citing *Shaw,* 463 U.S. at 98, 103 S.Ct. at 2900).

Given that both of plaintiff's state law claims put in issue defendant's right unilaterally to modify its benefits plan to include a $25,000 cap on AIDS coverage, there can be no disputing that these claims "relate to" the subject plan within the "broad common-sense meaning" of § 514(a). With regard to plaintiff's state law tort claim for intentional infliction of emotional distress, the Eleventh Circuit has held that such claims are preempted by ERISA where, as here, the injury alleged is a direct result of the alteration of plan benefits and cannot be characterized as "wholly remote" from the subject benefit plan. *See Farlow v. Union Cent. Life Ins. Co.,* 874 F.2d 791, 794 (11th Cir.1989); *compare Clark v. Coats & Clark, Inc.,* 865 F.2d 1237, 1243–44 (11th Cir.1989). And since plaintiff's unfair employment practice claim directly concerns the alleged improper implementation of an AIDS cap, it, too, is related to the subject benefit plan and, therefore, is completely barred. *See Amos v. Blue Cross–Blue Shield of Alabama,* 868 F.2d 430, 431 (11th Cir.), *cert. denied,* 493 U.S. 855, 110 S.Ct. 158, 107 L.Ed.2d 116 (1989).

Because the facts asserted in support of plaintiff's state law claims directly relate to an employee benefit plan, this court must conclude that plaintiff's state law claims are preempted by § 514(a) of ERISA. Accordingly, defendant is entitled to summary judgment as a matter of law on counts three and four of plaintiff's complaint. Defendant's motion for summary judgment on counts three and four is, therefore, GRANTED. Plaintiff's motion for summary judgment on count three[2] is hereby DENIED.

## V. CONCLUSION

In sum, executor Beavers' motion to substitute himself as plaintiff in the above-styled action is GRANTED. The Clerk of Court is DIRECTED to substitute Aaron Durall Beavers, executor of the estate of Richard Owens, as plaintiff in the caption for the above-styled action. Because Mr. Owens is now deceased, plaintiff's motion for expedited trial setting and for expedited pretrial procee... is moot and hereby DENIED as such. Plaintiff's motion for leave to file brief in excess of this court's page limitation is GRANTED. Defendant's motion for summary judgment on counts one through four of plaintiff's complaint is likewise GRANTED. Plaintiff's motion for summary judgment on counts one through three of his complaint is hereby DENIED.

SO ORDERED.

---

**2.** Plaintiff's papers in support of his motion for summary judgment make no mention of count four. Therefore, this court must conclude that plaintiff's motion for summary judgment was directed towards only the first three counts of his complaint.