Steven J. KATZOFF, Plaintiff,

v.

**EASTERN WIRE PRODUCTS CO., Defendant.**

Civ. A. No. 91–0371.

United States District Court, D. Rhode Island.

Dec. 8, 1992.

Stephen J. Reid, Jr., Blish & Cavanagh, Providence, RI, for plaintiff.

Justin T. Shay, Cameron & Mittleman, Providence, RI, for defendant.

## MEMORANDUM AND ORDER

LAGUEUX, Chief Judge.

This matter is presently before the Court on the motion of defendant Eastern Wire Products Co. ("Eastern") for summary judgment. Plaintiff Steven Katzoff brought this suit seeking damages and injunctive relief under the Employee Retirement Income Security Act ("ERISA") and state law in connection with plaintiff's alleged employment as a sales representative for defendant. For the reasons given below, the Court concludes that plaintiff does not have standing to bring a claim under ERISA and therefore, defendant's motion is granted.

### I. Introduction

From some time in 1986 to May 1991, plaintiff worked as a sales representative for Eastern. Although the parties disagree on many aspects of their relationship, it is undisputed that plaintiff was paid solely on a commission basis, that plaintiff was not subject to withholding and that plaintiff filed tax returns and paid taxes as a sole proprietor of his own business. It is also undisputed that three years into the relationship, plaintiff was required to sign a "Non Disclosure And Non Competition Agreement."

Plaintiff's ERISA claim arises out of his alleged attempts to participate in Eastern's health insurance plan. Eastern offers medical coverage to its employees on a voluntary basis. For "regular employees," Eastern pays part of the premium. Sales representatives such as plaintiff may also obtain coverage through Eastern's plan, but Eastern pays no part of their premiums.

Plaintiff participated in Eastern's plan from the time he joined Eastern in 1986 until August 1989, when he requested to be deleted from the plan in favor of coverage under his wife's plan. In September 1990 plaintiff and his wife divorced, and plaintiff continued to pay for coverage for himself, his wife and his child under his wife's COBRA plan. Plaintiff alleges that on several occasions in 1990 and 1991 he requested that he be allowed to rejoin Eastern's plan, but was never allowed to do so.

Plaintiff became seriously ill in the spring of 1991, and has not performed any services for Eastern since at least May 23, 1991. In July 1991 plaintiff applied to the Social Security Administration for disability benefits. Social Security granted him disability benefits, recording May 20, 1991 as the onset date of disability.

Plaintiff filed this action in 1991 alleging a violation of his rights under ERISA in connection with Eastern's refusal to allow him to rejoin its health plan. He also brought pendent state claims for commissions allegedly due. Defendant has moved for summary judgment, arguing that plaintiff has no standing to bring, and this Court has no jurisdiction to hear, the ERISA claim because plaintiff is not a "participant" as required by the statute.

The parties engaged in oral argument on September 23, 1992 and the matter was taken under advisement. It is now in order for decision.

### II. Discussion

▉ Jurisdiction over this case is premised on 29 U.S.C. § 1132, which provides for civil enforcement actions by the Secretary of Labor, fiduciaries, participants and beneficiaries.[1] "Participant" is defined as:

---

1. (a) Persons empowered to bring a civil action. A civil action may be brought—
   (1) by a *participant or beneficiary*—
   (A) for the relief provided for in subsection (c) of this section, or
   (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
   (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 409 [29 U.S.C. § 1109];
   (3) by a *participant, beneficiary, or fiduciary* (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan;
   (4) by the Secretary, or by a participant, or beneficiary for appropriate relief in the case of a violation of 105(c) [29 U.S.C. § 1025(c)]
   29 U.S.C. § 1132 (emphasis supplied).

any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or ... whose beneficiaries may be eligible to receive any such benefit.

29 U.S.C. § 1002(7). The requirement that a claimant be a "participant" is a subject matter jurisdiction requirement as well as a standing issue under ERISA. *Saporito v. Combustion Engineering, Inc.*, 843 F.2d 666 (3d Cir.1988), *vacated*, 489 U.S. 1049, 109 S.Ct. 1306, 103 L.Ed.2d 576 (1989); *Stanton v. Gulf Oil Corp.*, 792 F.2d 432 (4th Cir.1986); *Yancy v. American Petrofina, Inc.*, 768 F.2d 707 (5th Cir.1985).

The Supreme Court elaborated on this definition in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), in interpreting the ERISA provision allowing suit for fines against a plan administer who refuses to furnish plan information upon request of a "participant or beneficiary." 29 U.S.C. § 1132(c)(1)(B). The Court stated that the term "is naturally read to mean either employees in, or reasonably expected to be in, currently covered employment, or former employees who have a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits." 489 U.S. at 117, 109 S.Ct. at 957 (citations omitted). The Court observed that "[a] former employee who has neither a reasonable expectation of returning to covered employment nor a colorable claim to vested benefits, however, simply does not fit within the phrase 'may become eligible.'" *Id.* at 118, 109 S.Ct. at 958.

Defendant makes two arguments in support of its contention that plaintiff is not a "participant" under ERISA. First, defendant argues that plaintiff does not qualify because he is not currently working for defendant, and has neither a claim to vested benefits nor a reasonable expectation of returning to work. Second, defendant argues that plaintiff was at all times an independent contractor for defendant, rather than an employee, and for that reason does not have standing. Although there are disputed issues of material fact on the

latter question, the Court concludes that it does not have to address that point because plaintiff has no standing to bring this suit even if he is considered to have been an employee of defendant.

Plaintiff sets forth two theories under which he claims to qualify as a "participant" within the meaning of 29 U.S.C. § 1132. First, he argues that although he is on disability and is not currently working, he remains an employee of Eastern, or at least still has a reasonable expectation of returning to employment with Eastern. Second, he argues that even if he does not fit within the language set forth in *Firestone*, it would be unfair to deny him standing when he would be a participant in the plan but for the actions of defendant. Neither of these arguments carries the day.

■■■ It is undisputed that plaintiff currently is not performing any services for defendant and is receiving total disability payments from Social Security. Nonetheless, plaintiff argues that he is still an employee of defendant, albeit an "inactive" one. In support of this assertion, plaintiff states that he never resigned or terminated his employment with defendant, and that several officers of Eastern told him that "his job would always be waiting for him." This does not suffice to establish continued employment with defendant. Defendant denies any continued relationship with plaintiff, and plaintiff has not alleged that he worked under an employment contract that limits defendant's right to terminate the relationship. Under Rhode Island law, a contract of employment for an indefinite term constitutes employment at will, which is terminable at the will of either party and creates no executory obligations. *Dudzik v. Leesona Corp.*, 473 A.2d 762, 766 (R.I. 1984); *School Committee of Providence v. Board of Regents for Education*, 112 R.I. 288, 291, 308 A.2d 788, 790 (1973). Furthermore, the disability of an employee generally terminates employment even under an employment contract. *Leatherwood v. United Parcel Service*, 708 S.W.2d 396 (Tenn.App.1985); *Cussimanio v. Kansas City S. Ry. Co.*, 5 Kan.App.2d 379, 617

P.2d 107 (1980); *Rench v. Watsonville Meat Co.*, 138 Cal.App.2d 482, 292 P.2d 85 (1956); *Citizens Home Ins. Co. v. Glisson*, 191 Va. 582, 61 S.E.2d 859 (1950). Plaintiff is at most a "former employee" of defendant.

■ A former employee may have standing if he has a "colorable claim for vested benefits" or "a reasonable expectation of return to employment." *Firestone*, 489 U.S. at 117, 109 S.Ct. at 958. Plaintiff does not argue that he has a claim for vested benefits, as medical insurance benefits are, by their very nature, neither vested nor accrued. Such benefits are contingent in nature and businesses are free to eliminate or alter them. *McGann v. H & H Music Co.*, 946 F.2d 401 (5th Cir.1991), *motion granted, Greenberg v. H & H Music Co.*, — U.S. —, 112 S.Ct. 1556, 118 L.Ed.2d 205, *cert. denied*, — U.S. —, 113 S.Ct. 482, 121 L.Ed.2d 387 (1992); *Owens v. Storehouse, Inc.*, 773 F.Supp. 416, 419 (N.D.Ga.1991). Plaintiff asserts that he has a reasonable expectation of returning to employment; however, that assertion is belied by defendant's denial of any continued relationship with plaintiff. Plaintiff's assertion of a unilateral hope of returning to employment, even if supported by past statements by defendant, does not provide a "reasonable expectation of returning to covered employment."

■ Plaintiff's second argument is more logically compelling, but it too must ultimately fail. Plaintiff argues that it would be absurd to deny him standing as a "participant" when *but for* Eastern's discriminatory refusal to re-enroll him in its Plan, he "would be and is eligible to participate in and receive the benefits of that Plan."

Defendant cites to numerous cases denying standing to plaintiffs whose claim is that they would fit within the statutory criteria but for some contingency. In *Yancy v. American Petrofina, Inc.*, 768 F.2d 707 (5th Cir.1985), plaintiff Yancy attempted to challenge a change in the retirement plan that had covered him, after taking early retirement in order to avoid being affected by the change. The Fifth Circuit held that plaintiff was not a "participant."

This result was an application of a broadly recognized general rule that retirees who have accepted payment of all their vested benefits in a lump sum do not qualify as participants, since they are no longer eligible to receive future benefits. *Id.* at 708. *See also Stanton v. Gulf Oil Corp.*, 792 F.2d 432, 434 (4th Cir.1986) (plaintiff did not have standing to challenge introduction of improved retirement plan after his retirement and payment of benefits in lump sum; court specifically rejects a "but for" test of participant status); *Kuntz v. Reese*, 785 F.2d 1410, 1411 (9th Cir.) ("Because, if successful, the plaintiffs' claim would result in a damage award, not in an increase of vested benefits, they are not plan participants."), *cert. denied*, 479 U.S. 916, 107 S.Ct. 318, 93 L.Ed.2d 291 (1986); *Jackson v. Sears, Roebuck & Co.*, 648 F.2d 225, 228 (5th Cir.1981) (plaintiff lacked standing where pension plan in question did not cover her category of employee until after her termination).

More closely on point, defendant cites *Freeman v. Jacques Orthopaedic and Joint Implant Surgery Medical Group, Inc.*, 721 F.2d 654 (9th Cir.1983). Plaintiff Freeman claimed that he was fraudulently induced into signing a waiver of participation in the subject pension plan. The Court held that Freeman, who had since left employment, did not qualify as a participant. It stated, "[t]he very thrust of Freeman's claim is that he did not participate in the plan because he was misled as to the cost of participation. Yet, for whatever reason, he did not in fact participate. This court cannot rewrite history and declare that he did participate." *Id.* at 656.

Plaintiff argues that this limitation of participant standing is "absurd", especially in light of Section 510 of ERISA, which provides:

**Interference with protected rights**
It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled … or for the purpose of interfering with the attainment of any right to which such par-

ticipant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act.

29 U.S.C. § 1140. This argument has some superficial appeal. A number of courts prior to *Firestone* had held that a plaintiff who claims that he was tricked or forced into retiring in violation of Section 510 has standing as a participant. *See Saporito v. Combustion Engineering, Inc.*, 843 F.2d 666 (3d Cir.1988) (although plaintiffs did not have standing to challenge as participants of plan from which they had received lump sum benefits, they did have standing under second plan whose existence was concealed from them, since but for the fraud they would have been members of that plan), *vacated*, 489 U.S. 1049, 109 S.Ct. 1306, 103 L.Ed.2d 576 (1989) (vacated for reconsideration in light of Supreme Court's decision in *Firestone* ); *Young v. AT & T Transition Protection Payment Plan*, 1989 WL 675 (D.N.J.1989) (plaintiff had standing to challenge forced resignation that occurred the day before the subject plan, which would have covered him, was implemented).

Under *Firestone* such plaintiffs apparently would not have standing. *See, e.g., Mitchell v. Mobil Oil Corp.*, 896 F.2d 463 (10th Cir.) (plaintiff alleging that employer compelled him to retire in violation of ERISA. did not have standing, where he had received in a lump sum all benefits that had vested, and did not seek reinstatement), *cert. denied*, 498 U.S. 898, 111 S.Ct. 252, 112 L.Ed.2d 210 (1990). However, a recent Fifth Circuit case has rejected a restrictive reading of participant standing in Section 510 cases. In *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209 (5th Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 68, 121 L.Ed.2d 35 (1992), the Court held that a plaintiff who alleged he was discharged to prevent vesting of his benefits, in violation of ERISA § 510, did have standing. Although the plaintiff did not satisfy the Supreme Court's standard as articulated in *Firestone,* the Court stated, "[w]e are not convinced that *Firestone* can be read to reduce the standing question to a straight-forward formula applicable in all cases." *Id.* at 1221. The Court noted that the

Supreme Court in *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), had recently held that state law actions for wrongful discharge to prevent vesting of pension benefits were preempted by ERISA, and reasoned that "[t]he implication of the [*McClendon* ] holding that the discharged employee must look solely to ERISA for his remedy is that he would have standing to do so.... [I]t would be more logical to say that but for the employer's conduct in violation of ERISA, the employee *would* be a current employee with a reasonable expectation of receiving benefits, and the employer should not be able through its own malfeasance to defeat the employee's standing." *Christopher,* 950 F.2d at 1221.

However, even under the Fifth Circuit's expansive interpretation of participant standing, plaintiff here does not have standing. The Court in *Christopher* stated that it was not disturbing its previous decision in *Yancy,* discussed above, because in *Yancy* plaintiff's position as a retired employee was "largely of his own making." *Christopher,* 950 F.2d at 1222 (citing *Yancy,* 768 F.2d 707). *Yancy* was correctly decided because in that case "the violation [plaintiff] alleged ... was not one that in and of itself divested aggrieved parties of their status as covered employees able to sue." *Id.*

Plaintiff Katzoff is in a similar position here. Although he alleges discrimination in violation of ERISA § 510, the violation being challenged did not in and of itself deprive plaintiff of standing. After the alleged violation of ERISA, plaintiff was still working for defendant, and would have had standing to challenge defendant's actions. It is only the intervening event of plaintiff leaving defendant's employ that has deprived him of standing.

### III. Conclusion and Order

For the reasons stated above, defendant's motion for summary judgment on Count I of the Complaint, alleging violations of ERISA, is granted. Plaintiff's state law claims are hereby dismissed with-

out prejudice. The Clerk will enter judgment for defendant accordingly.

It is so ordered.