Leo VARTANIAN, Plaintiff,

v.

The MONSANTO COMPANY, et al., Defendants.

Civ. A. No. 92–30223–F.

United States District Court, D. Massachusetts.

May 24, 1993.

John C. Sikorski, John W. Lake, Robinson, Donovan, Madden & Barry, Springfield, MA, for plaintiff.

Francis D. Dibble, Jr., Bulkley, Richardson & Gelinas, Springfield, MA, Richard J. Pautler, Richard P. Sher, St. Louis, MO, for defendants.

MEMORANDUM REGARDING
DEFENDANTS' MOTION
TO DISMISS[1]

PONSOR, United States Magistrate
Judge.

## I. INTRODUCTION.

Does an employee who elects to take a lump sum distribution of his retirement benefits, and who receives all of the benefits that he is entitled to at the time of distribution, have standing to sue under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, when a more favorable retirement plan is adopted by his employer some time later?

Plaintiff, Leo Vartanian ("plaintiff or "Vartanian") has filed this four-count complaint against his former employer, defendant Monsanto Company ("defendant" or "Monsanto") asserting such a claim. Counts I and II allege that the defendant breached its fiduciary duty in violation of 29 U.S.C. § 1104(a) by failing to disclose its intention to create a new, more generous retirement package—or at least misrepresenting the fact that the company was giving "serious consideration" to this plan. Plaintiff claims that as a result of his reliance on defendant's misleading statements, he missed the opportunity to retire under the more advantageous provisions of the new plan which went into effect shortly after his retirement. Count III of plaintiff's complaint alleges unlawful discrimination in violation of 29 U.S.C. § 1140 and Count IV asserts a claim for common law misrepresentation.

Defendants have filed a motion to dismiss arguing, first, that because plaintiff received a lump sum payment of his benefits he lacks standing to assert claims under ERISA and, second, that ERISA preempts plaintiff's common law claim of misrepresentation. Because the undisputed facts and the case law conclusively support defendants' position, the court must allow defendants' motion to dismiss in its entirety.

## II. FACTUAL BACKGROUND.

Plaintiff was employed by the defendant for thirty-seven years, from 1954 until 1991. At the time of his retirement, plaintiff was employed at the Springfield, Massachusetts division of Monsanto. Throughout his tenure he was a participant in the Monsanto Company Salaried Employees Pension Plan (the "1986 Plan"), an employee benefits plan as defined by ERISA. Plaintiff's Complaint at ¶¶ 4–6. Under the terms of the 1986 Plan, Monsanto employees could choose to receive their entire benefit in a lump sum upon retirement.

As required under the terms of the plan, in March of 1990, one year prior to his retirement date, plaintiff submitted his request for a lump sum payment to be paid upon his retirement on May 1, 1991. Complaint at ¶ 16.

In early February, 1991, plaintiff heard rumors that Monsanto was planning to offer an incentive early retirement package in the near future. *Id* at ¶ 17. In February and March of 1991 Vartanian approached his supervisor, asking whether the company might offer an early retirement program which would have more advantageous terms for retirement. Plaintiff's supervisor responded that he could not confirm any rumors and that at that time there were no plans regarding a more generous early retirement plan. *Id.* at ¶¶ 19–20. In April of the same year plaintiff approached two of his supervisors, one of whom had direct access to this sort of information, inquiring into the company's stance on an incentive early retirement program; he was again told that Monsanto had no such plans. *Id.* at ¶ 21. As a result, plaintiff retired as of May 1, 1991 and took a lump sum distribution of approximately $509,000.

On June 28, 1991, Monsanto amended the 1986 Plan and adopted a special early retirement program (the "1991 Plan"). Under the 1991 Plan, eligible employees could receive both a lump sum payment and enhanced benefits.

1. The parties to this action have waived their right to proceed before a district judge and consented to have this magistrate judge conduct any and all further proceedings in the case, including the trial, and order the entry of judgment. Fed. R.Civ.P. 73, 28 U.S.C. § 636(c).

In his complaint plaintiff alleges that the company violated its fiduciary duty by failing to inform him that it was giving "serious consideration" to this new early retirement plan. He states that the defendant was obligated not to make misrepresentations regarding the status of the new plan and should have advised the plaintiff that the company was considering implementing a future retirement incentive offer. *Id.* at ¶ 33. Plaintiff claims that he is entitled to roughly $200,000, the amount of added benefits he would have received had he delayed his retirement a few months until the effective date of the 1991 Plan.

## III. DISCUSSION.

### A. *Motion to Dismiss.*

For the purposes of the defendant's motion to dismiss, the complaint must be viewed in the light most favorable to the plaintiff and all allegations must be taken as true. *Pujol v. Shearson/American Express, Inc.,* 829 F.2d 1201, 1202 (1st Cir.1987); *United States v. Borden, Inc.,* 572 F.Supp. 684 (D.Mass. 1983) (citing *Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969)). The issue is not whether the plaintiff will ultimately prevail. Rather the appropriate inquiry is whether the plaintiff is entitled to offer evidence in support of his claims. *Scheur v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Upon a motion to dismiss under Fed. R.Civ.P. 12(b)(6), the court is required to look only to the allegations of the complaint, and "if under any theory they are sufficient to state a cause of action in accordance with the law, a motion to dismiss the complaint must be denied." *Knight v. Mills,* 836 F.2d 659, 664 (1st Cir.1987) (citing *Melo–Tone Vending Inc. v. United States,* 666 F.2d 687, 688 (1st Cir.1981)); *accord Cuddy v. Boston,* 765 F.Supp. 775, 776 (D.Mass.1991). With this standard in mind, the court now turns to the substance of defendant's motion to dismiss.

### B. *Standing to Sue under ERISA.*

■ Defendant maintains that because plaintiff received a lump sum distribution of all the pension benefits to which he was entitled as of the date of his retirement, he is not a "participant" within the meaning of ERISA and therefore lacks standing to assert an ERISA violation. In opposition, plaintiff claims that he does have standing to assert an ERISA claim because "but for" defendant's misrepresentations plaintiff would have been a participant in the plan.

In enacting ERISA, Congress intended to provide those persons "protected by the Act 'ready access to the federal courts.'" *Mitchell v. Mobil Oil Corp.,* 896 F.2d 463, 473 (10th Cir.1990) (quoting 29 U.S.C. § 1001(b)). Despite its broad remedial purpose, however, only participants, beneficiaries, and fiduciaries are protected under the Act. *Id.* "This limitation on the group of potential claimants is necessary to avoid the creation of uncertainties about an employer's obligations under ERISA and to prevent the imposition of 'great costs on pension plans for no legislative purpose.'" *Id.* at 473–74 (quoting *Saladino v. I.L.G.W.U. Nat'l Retirement Fund,* 754 F.2d 473, 476 (2d Cir.1985)).

Section 502, the civil enforcement provision of ERISA, provides that a "civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). In its definitional section, ERISA defines the term "participant" as

> any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive such benefit.

29 U.S.C. § 1002(7).

The Supreme Court in *Firestone v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), offered lower courts guidance in defining the term "participant." There the Court stated that

the term "participant" is naturally read to mean either "employees in, or reasonably expected to be in, currently covered employment," or former employees who "have ... a reasonable expectation of returning to covered employment" or who have "a colorable claim" to vested benefits. In order to establish that he or she "may become eligible" for benefits, a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future. "... A former employee who has neither a reasonable expectation of returning to covered employment nor a colorable claim to vested benefits, however, simply does not fit within the [phrase] 'may become eligible.'"

489 U.S. at 117–18, 109 S.Ct. at 957–58.

The parties agree that in order to state an ERISA claim, plaintiff must be a "participant" in the Plan. Since plaintiff does not allege that he has an expectation of returning to covered employment, the focus of the court's inquiry must be whether he has a colorable claim to vested benefits. A review of the relevant case law confirms that plaintiff does not have such a claim.

The facts in *Raymond v. Mobil Oil Corp.,* 983 F.2d 1528 (10th Cir.1993), are strikingly similar to those alleged by the plaintiff in this case. In *Raymond,* Mobil Oil announced its decision to amend its retirement plan, which provided for a lump sum option. Under the terms of the new plan, the discount rate was increased 4.5% and the eligibility threshold was increased from $250,000 · to $400,000. Mobil delayed the enactment of the plan for six months, pending approval by the IRS. This delay allowed employees who were eligible to receive a lump sum payment under the old plan, but who might not be eligible under the new plan, an opportunity to elect a lump sum distribution or continue working and accumulating benefits in an attempt to meet the increased threshold requirements set under the new plan. What Mobil failed to tell its employees, however, was that in response to IRS concerns that the new plan could result in benefits disproportionately favoring highly compensated employees, it adopted another amendment which allowed Mobil, in

its sole discretion, to waive the eligibility requirements for all current Mobil employees. *Id.* at 1530. Mobil did not notify its employees of the waiver provision until after the six month delay period had expired. *Id.*

The plaintiffs in *Raymond* were former employees who retired within the six-month window without being informed of the waiver option. They alleged that Mobil had fraudulently induced them to retire early by failing to disclose their right to apply for a waiver of eligibility requirements in the new plan. *Id.* at 1531–32.

In addressing the standing issue, the court rejected plaintiffs' argument that they should be viewed as current employees because they were employees at the time of the ERISA violation. The *Raymond* court relied on *Mitchell v. Mobil Oil Corp.,* 896 F.2d 463 (10th Cir.), *cert. denied,* 498 U.S. 898, 111 S.Ct. 252, 112 L.Ed.2d 210 (1990), an earlier decision stemming from Mobil's decision to alter its employee benefits plan to permit either retirement with a $250,000 lump sum option or continued employment with the uncertainty whether the employee would meet the more stringent requirements for a $450,000 lump sum. After opting to retire and receive the $250,000 lump sum payment, the plaintiff in *Mitchell* filed an ERISA claim. The *Mitchell* court held that plaintiff could not base "participant" status on eligibility for benefits not received.

Agreeing with this analysis, the *Raymond* court stated

> We held in *Mitchell* that that definition ["participant"] simply "excludes ... former employees who have received a lump-sum payment of all their vested benefits because 'these erstwhile participants have already received the full extent of their benefits and are no longer eligible to receive future payments.'"

*Id.* at 1535 (quoting *Mitchell,* 896 F.2d at 474). The court emphasized that the linchpin of their holding was that at the time the plaintiffs elected their lump sum payments, they had received the full extent of their vested benefits. The court concluded that the plaintiffs lacked standing to sue under ERISA because they could not establish that

they were former employees with a colorable claim to vested benefits. *Id.* at 1536.

Other circuit courts' decisions are consistent with *Raymond.* For example, in *Yancy v. American Petrofina, Inc.,* 768 F.2d 707 (5th Cir.1985), the plaintiff claimed that defendant violated ERISA by decreasing the interest rate factor used to compute his lump sum payment upon retirement. Because of this change, plaintiff charged that he was forced to retire early to avoid a decrease in his lump sum payment due. *Id.* at 708. In affirming the district court's ruling that the plaintiff lacked standing to assert an ERISA violation, the Court of Appeals for the Fifth Circuit reasoned that

> [Plaintiff] accepted his lump sum when he retired prior to the effective date of the amendment. He admits that the lump sum was the full amount due to him under the terms of the plan as in effect when he retired. ERISA does not provide standing for him to come into court over a year later and complain that a change in the plan effective after his retirement forced him to retire early thereby depriving him of several years of income and so decreasing his final retirement benefit.... The term "participant" encompasses only those former employees who are owed vested benefits. [Plaintiff] has already received all benefits vested in him prior to his retirement.

*Id.* at 708–09 (citation omitted).

Another decision, *Kuntz v. Reese,* 785 F.2d 1410 (9th Cir.1986), supports defendant's position that the plaintiff lacks standing. The plaintiffs in *Kuntz* alleged, among other things, that the defendant lied about the amount of benefits that plaintiffs would receive under the plan. The court of appeals in *Kuntz v. Reese,* 760 F.2d 926 (9th Cir. 1985), ("*Kuntz I*") at first rejected defendants' argument that plaintiffs did not qualify as participants because their vested pension plan benefits had already been distributed. Following a petition for rehearing, however, ("*Kuntz II*"), the panel withdrew its earlier opinion and found that the plaintiffs lacked standing, reasoning that

> [w]e are now persuaded that the Kuntz plaintiffs are not participants because, as

former employees whose vested benefits under the plan have already been distributed in a lump sum, the Kuntz plaintiffs were not "eligible to receive a benefit," and were not likely to become eligible to receive a benefit, at the time that they filed the suit. Because, if successful, the plaintiffs' claim would result in a damage award, not in an increase of vested benefits, they are not plan participants. The Kuntz plaintiffs do not allege that their vested benefits were improperly computed, rather they allege breach of fiduciary duty or of a duty to disclose information about benefits, thus any recoverable damages would not be benefits from the plan.

785 F.2d at 1411. The court continued

> [a]lthough the Kuntz plaintiffs initially persuaded us that they should have standing to litigate this matter, we are now convinced that their argument, if followed, would have the effect of converting claims of all types, whether colorable or not, into "potential benefits" within the meaning of ERISA.

*Id.* at 1412.

Similarly, in *Berger v. Edgewater Steel Co.,* 911 F.2d 911, 921 (3d Cir.1990), the Third Circuit stated "[i]n general, employees who retire and elect to receive retirement benefits without any intention of returning to employment do not have standing under ERISA to challenge subsequent changes to a retirement plan."

In an attempt to salvage its claim from this almost crushing line of authority, plaintiff urges this court to disregard the *Raymond* line of cases and instead follow the Fifth Circuit's analysis in *Christopher v. Mobil Oil Corp.,* 950 F.2d 1209 (5th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 68, 121 L.Ed.2d 35 (1992). The facts in *Christopher* are similar to the *Raymond* case. In *Christopher,* plaintiffs claimed that they were constructively discharged in violation of ERISA section 510, 29 U.S.C. § 1140, which prohibits an employer from interfering with an employee's attainment of a right under ERISA. While agreeing with the *Mitchell* court's analysis that the plaintiffs did not have a colorable claim for vested benefits

because they received all monies to which they were entitled to under the plan at the time of their retirement, the *Christopher* court reasoned that "but for" defendant's conduct, the plaintiffs would be current employees with a reasonable expectation of returning to covered employment. *Id.* at 1221. Therefore, the court concluded that the plaintiffs did have standing to assert a claim for unlawful discrimination under section 510.

The "but for" analysis employed in *Christopher* is not persuasive. This approach would bestow participant status on virtually every plaintiff who claimed that he or she *would be* a current employee had the employer not acted improperly. According to the *Raymond* court, this reasoning

> amounts to the kind of analysis rejected by the Supreme Court in *Firestone:* "[t]o say that a 'participant' is any person who claims to be one begs the question of who is a 'participant' and renders the definition set forth in § 1002(7) superfluous." To say that but for Mobil's conduct, plaintiffs would have standing is to admit that they lack standing and to allow those who merely *claim* to be participants to be deemed as such. Plaintiffs therefore cannot ... show that they are former employees with a colorable claim to vested benefits.

*Id.* at 1536 (citations and footnote omitted). The Fourth Circuit agreed in *Stanton v. Gulf Oil Corp.*, 792 F.2d 432 (4th Cir.1986), stating

> [t]he effect of reading in a "but for" test is to impose participant status on every single employee who *but for* some future contingency may become eligible. Neither caselaw nor other provision of ERISA supports such a reading of "participant."

*Id.* at 434 (emphasis in original).

The *Raymond* line of cases is consistent with the Supreme Court's teachings in *Firestone v. Bruch* and the underlying principles of ERISA. Here, it is undisputed that on May 1, 1991, plaintiff received a lump sum distribution of *all* the vested benefits that he was entitled to under the plan that in effect at the time of his retirement. Even accepting for purposes of this motion plaintiff's allegation that Monsanto's silence tricked him into electing retirement under the old plan, he cannot qualify as a "participant" under ERISA. Because the plaintiff lacks standing to assert ERISA violations, the court will allow defendant's motion to dismiss Counts I, II, and III of plaintiff's complaint.

## C. Preemption of Common Law Misrepresentation Claim.

■ Count IV of plaintiff's complaint alleges that

> To the extent the plaintiff's claim is not cognizant under ERISA, the plaintiff makes claim against the defendant as follows. The defendants owed a duty of disclosure to the plaintiff including a duty not to negligently or intentionally mislead the plaintiff or misrepresent the facts to the plaintiff concerning the status of the 1991 Plan and changes to the 1986 Plan.
>
> In breach of the defendant's duty to the plaintiff, the defendants negligently or intentionally made misrepresentations of fact or otherwise mislead the plaintiff into taking early retirement on May 1, 1991.
>
> The plaintiff reasonably relied on the representations and information he received from the defendants and was damaged as a result thereof.

Complaint at ¶¶ 54–56. Defendant contends that plaintiff's claim for common law misrepresentation must be dismissed because it is preempted by ERISA. Plaintiff's response is that his state law claim does not "relate to" the plan and that although ERISA's preemptive reach is broad, it is not unlimited. Plaintiff points out that if the court finds that the plaintiff does not have standing to assert an ERISA violation and dismisses his state law claim based on preemption, then he will be left without a remedy.

■ Section 514(a) preempts all state law claims which "relate to" employee benefits plans. 29 U.S.C. § 1144(a). A law relates to an employee benefit plan if it "has a connection with or reference to such a plan." *Sanson v. General Motors Corp.*, 966 F.2d 618, 621 (11th Cir.1992) (quoting *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), and *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–900, 77 L.Ed.2d 490 (1983)). Accordingly, a state law claim may

be preempted "even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Sanson v. General Motors Corp.*, 966 F.2d at 620 (quoting *Ingersoll–Rand v. McClendon*, 498 U.S. at 45–46, 111 S.Ct. at 483).

■ Although ERISA preemption is "extensive in scope," it does not automatically preempt all actions that involve pension plans. *McCoy v. Massachusetts Institute of Technology*, 950 F.2d 13, 16 (1st Cir.1991). Section 514(a) does not preempt state laws that have only a "tenuous, remote, [or] peripheral" impact. *Framingham Union Hosp., Inc. v. Travelers Ins. Co.*, 721 F.Supp. 1478, 1489 (D.Mass.1989). The *Framingham Union Hosp.* court stated that

> [p]reemption is broadly construed in light of the objective of Congress to establish regulation of pension plans as exclusively a federal concern. At the same time, however, there is an assumption that the historic powers of the States are not superseded by a federal enactment, unless this is clearly Congress' intent.

*Id.* at 1490.

*Best v. AGFA Compugraphic*, 1992 WL 390713, 1992 U.S.Dist. LEXIS 19309 (D.Mass. December 9, 1992), involved an action brought by a former employee who asserted claims of misrepresentation and ERISA violations against an employer who allegedly misrepresented the scope of her benefits package. *Id.* 1992 WL 390713 at *1, 1992 U.S.Dist. LEXIS 19309 at *2.[2] In concluding that plaintiff's common law misrepresentation claims were preempted by ERISA, Judge Zobel stated

> [plaintiff's] state law claims are at the very heart of issues within the scope of ERISA's exclusive regulation and, if allowed, would affect the relationship between plan principals by extending coverage beyond the terms of the plan. Clearly, [plaintiff's] claims are preempted by ERISA.

*Id.* 1992 WL 390713 at *2, 1992 U.S.Dist. LEXIS 19309 at *5 (citation omitted). Judge Zobel agreed with the Sixth Circuit's analysis in *Cromwell v. Equicor–Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir.1991), *cert. dismissed*, —— U.S. ——, 113 S.Ct. 2, 120 L.Ed.2d 931 (1992). In *Cromwell* the court held that appellant's promissory estoppel, breach of contract, negligent misrepresentation and breach of good faith claims "related to" an employee benefit plan and were therefore preempted by ERISA. *Cromwell v. Equicor–Equitable HCA Corp.*, 944 F.2d at 1276.

Similarly, in this case plaintiff's state law claims against the defendant "relate to" an employee benefit plan as defined by the controlling authority. At the heart of plaintiff's misrepresentation claim is the allegation that "but for" the defendant's misrepresentations concerning the status of the early retirement program, he would have delayed his retirement date a few months and would have been entitled to receive greater benefits under the new plan. Plaintiff claims that if the company had informed him of the intended changes in the plan, he would have worked until at least December 1, 1992, and would have received a twelve-month salary incentive, five additional years of service on his pension calculations, additional salary and vacation pay, and increased employer contributions to a savings incentive program. Simply stated, plaintiff's misrepresentation claim is not one of "generally applicability" as the plaintiff suggests, but instead "relates to" an ERISA plan.

The court is aware that this reasoning leaves plaintiff without a remedy. In *Corcoran v. United Healthcare, Inc.*, 965 F.2d 1321, 1333 (5th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 812, 121 L.Ed.2d 684 (1992), the Fifth Circuit emphasized that

> [w]hile we are not unmindful of the fact that our interpretation of the preemption clause leaves a gap in remedies within a statute intended to protect participants in employee benefits plans, the lack of an

---

**2.** The *Best* complaint alleged the following causes of action: misrepresentation, two counts of wrongful termination in violation of Mass.Gen. Laws ch. 176D, two counts of employment discrimination in violation of Mass.Gen.Laws ch. 151B, intentional infliction of emotional distress, attempted breach of an advantageous contractual relationship, and ERISA violations. *Id.* 1992 WL 390713 at *1, 1992 U.S.Dist. LEXIS 19309 at *2.

ERISA remedy does not affect a preemption analysis.

Similarly here, while the court is sympathetic, its conclusion cannot be altered by the lack of state law remedies. It would be false compassion to mislead the plaintiff by permitting, at this stage, prosecution of a cause of action that lacks legal support and must eventually be dismissed.

## IV. CONCLUSION.

For the foregoing reasons, this court will ALLOW defendants' Motion to Dismiss in its entirety.