Frank O. BROWN, et al., Plaintiff,

v.

STAR ENTERPRISE, et al., Defendant.

No. 1:94–CV–499.

United States District Court,
E.D. Texas,
Beaumont Division.

March 21, 1995.

Mark Havard, Richard Hughes, Provost & Umphrey, Beaumont, TX, for plaintiff.

Robert J. Hambright, Orgain Bell & Tucker, Beaumont, TX, for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

Plaintiffs, thirty-one former employees of Defendant, Star Enterprise, allege that Defendant's implementation of an early retirement plan was less than evenhanded and therefore constituted a violation of the Employee Retirement Income Security Act (ERISA).

Defendants assert that summary judgment in their favor is proper since the Plaintiffs lack standing under ERISA to pursue this claim and, in the alternative, that Plaintiffs' failure to pursue an administrative remedy prior to filing this suit warrants dismissal of their claims.

Because this court finds that Plaintiffs failed to exhaust their administrative remedies, Defendants' Motion for Summary Judgment is GRANTED.

## BACKGROUND

In early 1993, Defendant, Star Enterprise, began offering its employees an early retirement package. The package included a payment for accepting early retirement (in most cases a year's salary) and either a retirement annuity or a lump sum benefit from the Star Enterprise Retirement Plan (the Plan). At the time the early retirement was offered, it was common knowledge that the discount rate used to calculate the amount of the lump sum benefit would be decreased from 5.75% to 5.00% effective July 1, 1993.

Not surprisingly, several of the Plaintiffs asked whether it would be possible to defer their early retirement until July 1, 1993, in order to take advantage of the lower discount rate. Plaintiffs contend that they were informed that all early retirements had to take place before July 1, 1993. In addition, Plaintiffs maintain that they were informed that the company could not guarantee the nature, location or salary level of future job assignments for those employees who declined to accept the early retirement package. All of the Plaintiffs chose to accept the early retirement package.

Plaintiffs further allege that two of the early retirement plan administrators, Lee Townsend (Townsend) and Richard Soehlke (Soehlke), managed to defer their retirement until after the discount rates decreased on July 1, 1993.

Plaintiffs assert that Defendants' "thinly veiled threats" which pressured them into accepting early retirement and the disparate treatment of Townsend and Soehlke are violations of ERISA.

Defendants take the position that Plaintiffs lack standing to maintain this suit as they are no longer "participants" of the Plan or, in the alternative, that their case should be dismissed for failing to exhaust their administrative remedies.

The court finds that, while the Plaintiffs have standing, Plaintiffs' failure to exhaust their administrative remedies before bringing this suit properly results in dismissal of this action.

## ANALYSIS

### I.

■ The general rule governing the standing of retired employees to bring an ERISA action is outlined in *Yancy v. American Petrofina, Inc.*, 768 F.2d 707 (5th Cir.1985). Former employees generally lack standing to bring a post-retirement ERISA suit if, at the time of their retirement, they receive the full compensation then due under their retirement plan. *Yancy*, 768 F.2d at 708. In *Yancy*, the plaintiff was faced with two choices: (1) accepting early retirement and receiving a lump sum settlement calculated at a favorable discount rate; or (2) continuing to work and be faced with the possibility of a significantly higher discount rate at the time of his eventual retirement. The *Yancy* court was unsympathetic to plaintiff's assertion that he had, in effect, been bribed into retiring early and it held that plaintiff lacked standing. *Yancy*, 768 F.2d at 708.

The Fifth Circuit reached a different result in *Christopher v. Mobil Oil Corp.,* 950 F.2d 1209 (5th Cir.1992). In *Christopher,* the court held that a former employee does have standing when "but for the employer's conduct alleged to be a violation of ERISA, the employee would be a current employee with a reasonable expectation of receiving benefits ..." *Christopher,* 950 F.2d at 1221. In other words, "the employer should not be able through its own malfeasance to defeat the employee's standing." *Christopher,* 950 F.2d at 1221.

The question becomes, therefore, where on the spectrum between *Yancy* and *Christopher* this case falls. A careful reading of the cases indicates that this case more closely resembles *Christopher* than *Yancy.*

In *Yancy,* the court makes it clear that the plaintiff is in a predicament of his own making. He was given a choice either to continue working and risk a higher discount rate at the time of his eventual retirement or to retire while the discount rate was lower. In *Christopher,* however, the court notes that plaintiffs "allege deceptive conduct by Mobil [the employer] that might be found to vitiate the voluntariness of their decision to retire ..." *Christopher,* 950 F.2d at 1223.

If Plaintiffs in this suit had known that Defendants were going to allow Townsend and Soehlke to retire under the lower discount rate, they may very well have chosen to remain with the company (despite the "thinly veiled threats") and challenged this allegedly discriminatory action via the available administrative processes. Defendants cannot be allowed to profit by any breach of their fiduciary duty to Plaintiffs; if allowing Townsend and Soehlke to retire under a different timetable violates ERISA, *Christopher* requires that Plaintiffs be afforded the opportunity to vindicate their rights. Accordingly, this court finds that Plaintiffs have standing to maintain an ERISA action.

## II.

Although it is plausible that Plaintiffs will eventually end up in federal court, their appearance in this court is premature.

It is well-settled that plaintiffs asserting an ERISA cause of action must exhaust their administrative remedies provided by their benefits plan before bringing action in federal court. *See Medina v. Anthem Life Ins. Co.,* 983 F.2d 29, 33 (5th Cir.1993); *Simmons v. Willcox,* 911 F.2d 1077, 1081 (5th Cir.1990); *Denton v. First Nat'l Bank,* 765 F.2d 1295, 1303 (5th Cir.1985). A plaintiff may not make an initial claim for ERISA benefits in a lawsuit. *Meza v. General Battery Corp.,* 908 F.2d 1262, 1279 (5th Cir. 1990). This is what the Plaintiffs in the present case are attempting to do. Plaintiffs must exhaust the administrative processes contained within the Plan before they can file suit in federal court.

Plaintiffs, conceding that in most instances individuals must exhaust their administrative remedies prior to filing ERISA claims in federal court, nevertheless maintain that this case fits neatly into one of the exceptions to the general rule.

Plaintiffs cite *Simmons* for the proposition that there is no need to exhaust administrative remedies if such an appeal would be patently futile. This is not the holding of *Simmons.* In the portion of the *Simmons* opinion cited by Plaintiffs, the court is not holding that there is no need to exhaust administrative remedies when an appeal to such remedies would be patently futile. Instead, the *Simmons* court is merely restating the plaintiff's assertion that such an exception exists in the Fifth Circuit. *Simmons,* 911 F.2d at 1079. In fact, *Simmons* clearly holds that a breach of fiduciary duty claim under ERISA is subject to the administrative exhaustion requirement. *Simmons,* 911 F.2d at 1081. Futility of appeal will serve as an exception to the administrative exhaustion requirement only if a plaintiff can make a clear showing that the plan administrators harbor bitterness or hostility for the claimant. *Denton,* 765 F.2d at 1303. Merely alleging that an appeal would be futile or that the administrators harbor bitterness and hostility is insufficient to create an exception to the general rule. *Denton,* 765 F.2d at 1303. Plaintiffs are unable to demonstrate

that they fall within this recognized exception.

Plaintiffs fail to identify any other exceptions to the administrative exhaustion rule that are recognized by the Fifth Circuit.

Accordingly, Plaintiffs' case is dismissed for failure to exhaust available administrative remedies prior to the filing of this action. *See Medina,* 983 F.2d at 33 (dismissal is proper when claimant fails to exhaust administrative remedies).

## ORDER

Before the court is Defendant's Motion for Summary Judgment. After considering the motion the court is of the opinion that it should be GRANTED.

It is therefore

ORDERED that this cause of action be dismissed without prejudice for failure to exhaust administrative remedies.