**Maureen A. CLAUDER, Plaintiff,**

v.

**SEARS, ROEBUCK AND COMPANY, Defendant.**

**No. 1:92 CV 183.**

United States District Court, E.D. Texas, Beaumont Division.

Nov. 5, 1992.

Mary Ann French, Houston, Tex., for plaintiff.

Paul L. Mitchell, Steven Mark Stricklin, Baker & Botts, Houston, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

SCHELL, District Judge.

CAME ON TO BE HEARD this day the defendant's Motion To Dismiss pursuant to Rule 12(b)(6) Fed.R.Civ.P. and the plaintiff's Motion for Leave To Amend Her Complaint in this cause. After considering the motions, the responses and replies in opposition, and the pleadings of record, the court is of the opinion that the Defendant's motion should be GRANTED and that the Plaintiff's motion should be DENIED.

## BACKGROUND

Maureen A. Clauder ("Plaintiff") originally filed this lawsuit in the 172nd Judicial District Court of Jefferson County, Texas. It was removed to this court by Sears, Roebuck and Company ("Defendant") pursuant to 28 U.S.C. § 1441 *et seq.* Plaintiff moved to remand the suit to state court, claiming that her lawsuit was based on state law claims of breach of agreement and misrepresentation. By its opinion and order signed August 25, 1992, this court denied Plaintiff's motion to remand. The court held that this lawsuit arises under the laws of the United States, specifically the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, because the Plaintiff's state law claims are preempted by ERISA.

Plaintiff alleges that Defendant offered her an early retirement package in an effort to reduce its work force. The early retirement package was represented to have the same benefits as the regular retirement package. Plaintiff claims that she relied on the oral promises, allegedly made by one of Defendant's employees, in deciding to retire early at the age of fifty-two. After accepting early retirement, Plaintiff requested a lump sum payment of her benefits from the Sears Pension Plan ("Plan"). The request was denied. After reaching the age of fifty-five, Plaintiff again requested a lump sum payment of her benefits. The second request was also denied. Plaintiff subsequently filed this lawsuit alleging breach of agreement and misrepresentation and seeking to recover actual damages, exemplary damages, and associated costs.

Defendant now moves to dismiss this suit for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) Fed.R.Civ.P. Plaintiff concedes in her response that the Plan, as written, does not entitled her to the lump sum benefits she was allegedly promised. Instead, she contends that Defendant's false oral assurances induced her to retire earlier than she would otherwise have retired, and that these false oral assurances therefore interfered with her attainment of the right to receive a lump sum payment had she postponed her retirement. She asserts that this allegation states a claim under 29 U.S.C. § 1140 ("§ 510") of ERISA, and she seeks leave to amend her complaint in order to state this .claim. Defendant counters that there is no recognized cause of action under ERISA based upon alleged oral assurances relating to pension plan benefits. The court must, therefore, determine whether there is a cognizable cause of action under ERISA based upon oral agreements or assurances about rights to pension benefits, and whether Plaintiff should be granted leave to amend her complaint in order to allege breach of such an oral agreement as a violation of § 510 of ERISA.

## ANALYSIS

Leave to amend pleadings "... shall be freely given when justice so requires." Rule 15(a) Fed.R.Civ.P. However, leave to amend is by no means automatic. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir.), *cert. denied*, 454 U.S. 1098, 102 S.Ct. 672, 70 L.Ed.2d 640 (1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id.* "In exercising this discretion, a district court considers a variety of factors, such as undue delay, bad faith, undue prejudice to the opposing party by allowing the amendment, and futility of the amendment." *Davis v. United States*, 961 F.2d 53, 57 (5th Cir.1991) referring to *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Where the proffered amended complaint would be futile, in that it fails to state a claim upon which relief can be granted, leave to amend may be denied.

Plaintiff seeks leave to amend in order to assert a claim based on § 510 of ERISA, which provides:

It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary ... for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan,.... 29 U.S.C. § 1140.

Plaintiff cites *Dister v. Continental Group, Inc.*, 859 F.2d 1108 (2nd Cir.1988) for the elements of a prima facie case alleging discrimination under § 510. According to *Dister*, the plaintiff must allege and show that he (1) belongs to a protected group, (2) was qualified for the position, and (3) was discharged or denied employment under circumstances that give rise to an inference of discrimination. *Id. Dister* involved a situation where an individual was discharged immediately before he would have qualified for enhanced pension plan benefits. In this case, Plaintiff voluntarily accepted early retirement and was never discharged or denied employment. The § 510 discrimination involved in *Dister*

was the discharge from employment. The § 510 discrimination alleged here is the oral misrepresentation by Defendant's employee to the Plaintiff that the early retirement package provided lump sum pension benefits.

The Fifth Circuit Court of Appeals has addressed the issue of whether a claim such as this one, based upon an oral agreement or oral modification to a retirement plan, is cognizable under ERISA. In *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290 (5th Cir.1989), an employee sought to recover retirement benefits orally promised to him by his employer, but not provided for in the retirement plan itself. In its opinion, the court stated "... we hold that an oral agreement cannot be the basis of a cause of action under ERISA." *Id.* at 1297. The court relied upon the "written instrument" clause in ERISA which provides that "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument." 29 U.S.C. § 1102(a)(1). "Thus, § 1102(a)(1) precludes the creation of a cause of action based on an oral contract under ERISA." *Cefalu* at 1297.

Likewise, in *Degan v. Ford Motor Co.*, 869 F.2d 889 (5th Cir.1989), an employee accepted a separation pay settlement in reliance on his employer's oral representation that he would be eligible for early retirement benefits. He later discovered that the plan did not provide for the promised benefits and sued his employer. The court described the employer's misrepresentation as a "betrayal without remedy," but nevertheless stated, "... [w]e hold that Degan's claim, premised as it is upon oral modifications to a retirement plan, is not cognizable under ERISA." *Id.* at 895. In addition to holding that there is no cause of action under ERISA based upon oral assurances by employers about rights to pension benefits, the court declined to fashion a federal common law remedy. "The problem, however, is one for Congress and not this court to resolve, for we are bound by ERISA's emphatic preference for written agreements." *Id.* at 895.

This court, therefore, concludes that the provisions of ERISA, including § 510, do

not encompass a cause of action based upon oral assurances by an employer about rights to pension benefits. The type of discrimination against a beneficiary contemplated by § 510 does not include oral misrepresentations such as alleged here. Because amendment of her complaint to allege a § 510 discrimination claim based upon oral promises about pension benefits would not state a cognizable ERISA cause of action, Plaintiff's Motion For Leave To Amend Her Complaint is DENIED, and Defendant's Motion to Dismiss under Rule 12(b)(6) is GRANTED. Furthermore, because Plaintiff's state law claims alleged in her removed state court petition are preempted by ERISA, Defendant's Motion to Dismiss under Rule 12(b)(6) is GRANTED with respect to those claims and they are DISMISSED with prejudice.

SO ORDERED AND ADJUDGED.